Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Kim A. Kennedy (SBN 305,499)
kim.kennedy@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>COYOTE VISION USA, INC., a New York corporation,<br><br>Defendant. | Civil Action No. 17-cv-00757<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Coyote Vision USA, Inc. ("Coyote" or "Defendant") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1116(a), 1121, and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b).

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

/ / /

/ / /

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Coyote is a company organized and existing under the laws of the State of New York, having its principal place of business at 3800 Monroe Avenue, Pittsford, New York 14534.

6. Oakley is informed and believes, and thereon alleges, that Defendant has committed the acts alleged herein within this judicial district.

## III. GENERAL ALLEGATIONS

7. Oakley is one of the world's most iconic brands. The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style. Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

8. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9. On January 15, 2013, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Design Patent No. D674,434 ("the D434 Patent"), titled "Eyeglass Components." Oakley is the owner by assignment of all right, title, and interest in the D434 Patent. A true and correct copy of the D434 Patent is attached hereto as Exhibit A.

10. On January 28, 2003, the USPTO duly and lawfully issued United States Design Patent No. D469,458 ("the D458 Patent"), titled "Eyeglass Front." Oakley is the owner by assignment of all right, title, and interest in the D458 Patent. A true and correct copy of the D458 Patent is attached hereto as Exhibit B.

/ / /

/ / /

11. On October 22, 2013, the USPTO duly and lawfully issued United States Design Patent No. D692,047 ("the D047 Patent"), titled "Eyeglass." Oakley is the owner by assignment of all right, title, and interest in in the D047 Patent. A true and correct copy of the D047 Patent is attached hereto as Exhibit C.

12. On December 4, 2007, the USPTO duly and lawfully issued United States Design Patent No. D556,818 ("the D818 Patent"), titled "Eyeglass Components." Oakley is the owner by assignment of all right, title, and interest in in the D818 Patent. A true and correct copy of the D818 Patent is attached hereto as Exhibit D.

13. On May 8, 2012, the USPTO duly and lawfully issued United States Design Patent No. D659,182 ("the D182 Patent"), titled "Eyeglass and Eyeglass Component." Oakley is the owner by assignment of all right, title, and interest in in the D818 Patent. A true and correct copy of the D182 Patent is attached hereto as Exhibit E.

14. Defendant makes, uses, sells, offers for sale, and/or imports into the United States eyewear that have infringed Oakley's intellectual property rights, including the D434 Patent, the D458 Patent, the D047 Patent, the D818 Patent, and the D182 Patent (the "Asserted Patents").

15. Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

16. Oakley manufactures and sells sunglasses under the mark HOLBROOK™ bearing distinctive trade dress in the overall design of the sunglasses ("HOLBROOK Trade Dress"). An example of an Oakley product bearing the distinctive HOLBROOK Trade Dress is depicted in the photograph attached as Exhibit F.

/ / /

/ / /

17. As a result of Oakley's widespread use and display of the HOLBROOK Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the HOLBROOK Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the HOLBROOK Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the HOLBROOK Trade Dress has established strong secondary meaning and extensive goodwill.

18. The HOLBROOK Trade Dress is not functional. The design features embodied by the HOLBROOK Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product. The design of the HOLBROOK Trade Dress is not a competitive necessity.

19. Subsequent to Oakley's use and adoption of the HOLBROOK Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress.

20. Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business. Oakley will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

21. Oakley is informed and believes, and on that basis, alleges, that Defendant's acts complained of herein are willful and deliberate.

## IV. <u>FIRST CLAIM FOR RELIEF</u>

(Patent Infringement)
(35 U.S.C. § 271)

22. Oakley repeats and re-alleges the allegations of paragraphs 1-21 of this Complaint as if set forth fully herein.

/ / /

23. This is a claim for patent infringement under 35 U.S.C. § 271.

24. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D434 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D434 Patent for example, Defendant's *BP-5-b* model sunglasses as shown below, which were sold and/or offered for sale, for example, on the website http://coyoteusa.com/.

| **Accused Product** | **Oakley's Patent** |
|---|---|
| *BP-5-b*   | U.S. Patent No. D674,434  |

25. Defendant's acts of infringement of the D434 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D434 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *BP-5-b* model sunglass is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D434 Patent. Defendant infringed the D434 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D434 Patent. Defendant's acts of infringement of the D434 Patent were not consistent with the standards of commerce for its industry.

26. Defendant, through its agents, employees, and servants has knowingly, intentionally, and willfully infringed the D458 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D458 Patent, including for example, Defendant's *MP-08* model sunglasses as shown below, which were sold and/or offered for sale, for example, on the website http://coyoteusa.com/.

| **Accused Product** | **Oakley's Patent** |
|---|---|
| *MP-08*   | U.S. Patent No. D469,458  |

27. Defendant's acts of infringement of the D458 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D458 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *MP-08* model sunglass is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D458 Patent. Defendant infringed the D458 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D458 Patent. Defendant's acts of infringement of the D458 Patent were not consistent with the standards of commerce for its industry

28. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D047

Patent by using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D047 Patent, including for example, Defendant's *Twist* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website http://coyoteusa.com/.

| **Accused Product** | **Oakley's Patent** |
|---|---|
| *Twist*   | U.S. Patent No. D692,047  |

29. Defendant's acts of infringement of the D047 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D047 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *Twist* model sunglass is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D047 Patent. Defendant infringed the D047 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D047 Patent. Defendant's acts of infringement of the D047 Patent were not consistent with the standards of commerce for its industry.

30. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D818 Patent by using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D818 Patent, including for example, Defendant's *Amp* model

sunglasses as shown below, which were sold and/or offered for sale on Defendant's website http://coyoteusa.com/.

| **Accused Product** | **Oakley's Patent** |
|---|---|
| *Amp*   | U.S. Patent No. D556,818  |

31. Defendant's acts of infringement of the D818 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D818 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *Amp* model sunglass is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D818 Patent. Defendant infringed the D818 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D818 Patent. Defendant's acts of infringement of the D818 Patent were not consistent with the standards of commerce for its industry.

32. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D182 Patent by using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D182 Patent, including for example, Defendant's *Cancun* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website http://coyoteusa.com/.

/ / /

| Accused Product | Oakley's Patent |
| --- | --- |
| *Cancun*   | U.S. Patent No. D659,182  |

33. Defendant's acts of infringement of the D182 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D182 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *Cancun* model sunglass is a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D182 Patent. Defendant infringed the D182 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D182 Patent. Defendant's acts of infringement of the D182 Patent were not consistent with the standards of commerce for its industry.

34. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

35. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

36. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

37. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of the Asserted Patents.

38. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

39. Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

## V. SECOND CLAIM FOR RELIEF

(Federal Trade Dress Infringement & Unfair Competition)
(15 U.S.C. § 1125(a))

40. Oakley repeats and re-alleges the allegations of paragraphs 1-39 of this Complaint as if set forth fully herein.

41. This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

42. Subsequent to Oakley's use and adoption of the HOLBROOK Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress. As shown below, for example, Defendant's *Elwood* model sunglasses, which were sold and/or offered for sale on Defendant's website http://coyoteusa.com/, are confusingly similar to Oakley's HOLBROOK Trade Dress.

| **Accused Product** | **HOLBROOK Trade Dress** |
|---|---|
| *Elwood*   |  |

43. Defendant's use of a trade dress that is confusingly similar to the HOLBROOK Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley.

44. Defendant's use of a trade dress that is confusingly similar to the HOLBROOK Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

45. Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the Defendant's products or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

46. Oakley is informed and believes, and thereon alleges, that Defendant's acts of trade dress infringement and unfair competition were undertaken willfully with the express intent to cause confusion, and to mislead and deceive the purchasing public.

47. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement and unfair competition in an amount that is not presently known to Oakley. By reason of Defendant's actions constituting trade dress infringement, Oakley has

been damaged and is entitled to monetary relief in an amount to be determined at trial.

48. Due to Defendant's actions constituting trade dress infringement and unfair competition, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

49. Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## VI. THIRD CLAIM FOR RELIEF

(Unfair Competition)

(California Business & Professions Code § 17200 *et seq.*)

50. Oakley repeats and re-alleges the allegations of paragraphs 1-49 of this Complaint as if set forth fully herein.

51. This claim is for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

52. Defendant's acts of trade dress infringement complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 *et seq*.

53. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley. By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

54. By its actions, Defendant has injured and violated the rights of Oakley and has irreparably injured Oakley, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the D434, D047, D818 and D182 patents in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation of Defendant's *BP-5-b, Twist, Amp,* and *Cancun* products, and any products that are not colorably different form these products;

C. That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D. That the Court find for Oakley and against Defendant on Oakley's claims of trade dress infringement and unfair competition under 15 U.S.C. § 1125(a);

E. That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. Manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's

*Elwood* product shown above and any products that are not colorably different therefrom;

2. using Oakley's HOLBROOK Trade Dress, and any other trade dress that is confusingly similar to Oakley's HOLBROOK Trade Dress;

3. unfairly competing with Oakley in any manner whatsoever;

4. causing a likelihood of confusion or injuries to Oakley's business reputation

5. manufacturing, importing, marketing, advertising, displaying, distributing, offering to sell, and/or selling any goods that infringe Oakley's HOLBROOK Trade Dress;

F. That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement and unfair competition;

G. That Oakley be awarded monetary relief in an amount to be fixed by the Court under 15 U.S.C. § 1117, including:

1. all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions;

2. all damages sustained by Oakley as a result of Defendant's acts of trade dress infringement, and that such damages be trebled;

3. the costs of this action;

H. That such damages and profits be trebled and awarded to Oakley pursuant to 15 U.S.C. § 1117;

I. An Order adjudging that this is an exceptional case, including each of Oakley's patent infringement and Lanham Act claims;

J. That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Oakley all

/ / /

reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

K. That Oakley recover exemplary damages pursuant to California Civil Code § 3294;

L. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

M. An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

N. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

O. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 27, 2017

By*: /s/ Ali S. Razai*

Michael K. Friedland
michael.friedland@knobbe.com
Ali S. Razai
ali.razai@knobbe.com
Kim A. Kennedy
Kim.kennedy@knobbe.com

Attorneys for Plaintiff
OAKLEY, INC

**DEMAND FOR JURY TRIAL**

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 27, 2017

By: */s/ Ali S. Razai*

Michael K. Friedland
michael.friedland@knobbe.com
Ali S. Razai
ali.razai@knobbe.com
Kim A. Kennedy
Kim.kennedy@knobbe.com

Attorneys for Plaintiff
OAKLEY, INC